UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE AMERICAN BUSINESS FINANCIAL SERVICES INC. NOTEHOLDERS LITIGATION | Master File No. 05-232 |



## PRELIMINARY APPROVAL ORDER

WHEREAS, the above-captioned action (the "Action") has been pending since January 18, 2005;

WHEREAS, by Order dated October 3, 2007, the Court certified a class consisting of all persons who suffered damage as a result of their purchase of Notes from American Business Financial Services Inc. ("American Business") between January 18, 2002 and January 20, 2005, pursuant to Registration Statements, including prospectuses included as exhibits and all supplements thereto, that became effective on or about October 16, 2001, October 3, 2002, and November 7, 2003 respectively (the "Class"), and

WHEREAS, Plaintiffs John A. Malack, Virgil Magnon, Michael Rosati, S. S. Rajaram, M.D., Hayward Pediatrics, Inc., and Henry Munster (collectively, "Noteholder Plaintiffs"), on behalf of the Class, and Defendants the Estate of Anthony J. Santilli, Albert W. Mandia, Leonard Becker, Michael DeLuca, Harold E. Sussman, Jerome Miller, Warren Palitz, and Jeffrey Steinberg, (collectively, "Defendants"), having made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed settlement (the "Settlement") of this Action in accordance with the Settlement Agreement dated September 12, 2008 (the "Settlement

1

Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the Settlement, and the Court having read and considered the Settlement Agreement and the exhibits annexed thereto;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that

1. The definitions in the Settlement Agreement are incorporated herein.

2. The Settlement, as set forth in the Settlement Agreement, is preliminarily approved as fair, reasonable and adequate.

3. The Final Hearing shall be held before this Court on 11/3, 2008, at 11:00 a.m. Courtroom 4A United States Courthouse, 601 Market Street, Philadelphia, PA 19106, to determine whether the proposed Settlement of the Action, on the terms and conditions provided for in the Settlement Agreement, is fair, reasonable and adequate and should be finally approved by the Court; to determine whether a Judgment as provided in the Settlement Agreement should be entered herein; to determine whether the Plan of Allocation of the Net Settlement Fund as set forth in the Notice should be approved; to determine the amount of Attorneys' Fees and Costs that should be awarded to Plaintiffs' Counsel; to determine whether to allow Noteholder Plaintiffs reimbursement of reasonable, out-of-pocket costs and expenses they incurred in connection with representation of the Class; and to determine whether the Class Members' objections, if any, have merit. The Court may adjourn the Final Hearing and later reconvene it without further notice to Members of the Class.

4. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release Form (the "Proof of Claim") including the Substitute W-9 Form, and the Summary Notice (the

2

"Summary Notice"), attached as Exhibits B, C and D to the Settlement Agreement, and finds that the mailing and distribution of the Notice and Proof of Claim and the publication of the Summary Notice, substantially in such form and substantially in the manner and form set forth in this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, § 15 U.S.C.A. 77z-1(a)(4-8), and due process. Such notice is the best notice practicable under the circumstances and shall constitute valid, due and sufficient notice to all Members of the Class. Plaintiffs' Lead Counsel is hereby authorized to provide such Notice to those Members of the Class that can be identified through reasonable effort.

5. The notification provisions of the Class Action Fairness Act, 28 U.S.C. §1715 ("Notifications to appropriate federal and state officials"), do not apply to this case, since it was commenced before February 18, 2005.

6. Plaintiffs' Lead Counsel is hereby authorized to retain Heffler, Radetich & Saitta LLP as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims and distribution of the Net Settlement Fund.

7. Not later than ten (10) days from the date of this Order, Plaintiffs' Lead Counsel shall cause copies of the Notice and Proof of Claim, substantially in the forms attached as Exhibits B and C to the Settlement Agreement, to be mailed by first class mail to all Members of the Class reasonably identified by the list of American Business Noteholders furnished to Plaintiffs' Lead Counsel by the Trustee in Bankruptcy of American Business, which mailing shall be directed to the Noteholders' addresses listed on such records or such updated or revised addresses as may be available. The Notice and Proof of Claim shall also be mailed to all parties who previously opted out of the

Class pursuant to the notice dated May 2, 2008. The date of the initial mailing of the Notice of Settlement shall be referred to as the "Notice Date."

8. Not later than seven (7) days after the Notice Date, Plaintiffs' Lead Counsel shall cause the Summary Notice, substantially in the form attached as Exhibit D to the Settlement Agreement, to be published once in the national edition of *USA Today* and shall cause a copy of the Summary Notice to be published electronically on PR Newswire.

9. Plaintiffs' Lead Counsel shall also cause copies of the Notice and Proof of Claim to be mailed as soon as practicable to Persons who indicate, in response to the Summary Notice or otherwise, that they purchased or rolled over American Business Notes during the Class Period and to other Persons who are identified as having purchased or rolled over American Business Notes during the Class Period.

10. Not later than five (5) days before the Final Hearing, Plaintiffs' Lead Counsel or the Claims Administrator shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration under penalty of perjury, of the publication and mailing of the Notices.

11. All Class Members, except those who exclude themselves, shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable.

12. All Members of the Class who wish to be excluded from the Class must submit a request for exclusion in the manner described in the Notice postmarked at least ten (10) days before the Final Hearing date set forth in paragraph 3 above. Any person who does not submit a valid and timely request for exclusion shall be a Class Member,

except that persons who previously excluded themselves from the Class pursuant to the Notice dated May 2, 2008 ("Prior Opt-Outs") shall not be considered Members of the Class. (Notwithstanding the foregoing, Prior Opt-Outs may rejoin the Class, and shall be considered Members of the Class provided they so request by a writing post-marked at least ten (10) days before the Final Hearing date set forth in paragraph 3 above). All requests for exclusion must include information sufficient to establish proof of purchases and roll overs of American Business Notes during the Class Period.

13. Plaintiffs' Lead Counsel shall present the Opt-Out List to Defense Counsel five (5) days before the Final Hearing.

14. If the number of persons on the Opt-Out List comprises 10% or more of the total number of persons in the Class, Defendants shall inform Plaintiffs' Lead Counsel, as specified in the Settlement Agreement, Section 10, whether Defendants intend to withdraw from the Settlement Agreement, at least three (3) days before the Final Hearing.

15. If Noteholder Plaintiffs are able to reduce the number on the Opt-Out List to below 10% of the total number of Members of the Class by the day before the Final Hearing, they must serve Defendants with a list of persons who have withdrawn their request for exclusion or who were not Members of the Class. If the list of persons withdrawing their request for exclusion is accurate, the Final Hearing will take place as scheduled.

16. Any Member of the Class who has not requested exclusion may appear with or without counsel, and object to the proposed Settlement of the Action, the proposed Plan of Allocation of the Net Settlement Fund, the Request for Attorneys' Fees

5

and Costs, and/or the request for Plaintiffs' Expense Awards (collectively "Objections"); provided, however, that no Member of the Class shall be heard or entitled to make Objections unless that person has served, by first class U.S. mail, postmarked on or before ten (10) days before the Final Hearing, written Objections and copies of any papers and briefs upon each of the following:

Todd S. Collins, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103

Vincent Marriott, Esquire
Ballard Spahr Andrews & Ingersoll
1735 Market Street, 51st Floor
Philadelphia, PA. 19103

Marc Sonnenfeld, Esquire
Morgan Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA. 19103

Nancy Gellman, Esquire
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA. 19102

and has filed the Objections, papers and briefs with the Clerk of the United States District Court for the Eastern District of Pennsylvania (which filing may be done by mail, if postmarked on or before ten (10) days before the Final Hearing). Any such written Objections must include proof of membership in the Class (*e.g.*, proof of purchases or roll overs of American Business Notes during the Class Period). Any Member of the Class who does not make his, her or its Objections in the manner provided shall be deemed to have waived such Objections and shall forever be foreclosed from making any such Objections. Any Class Member who files and serves Objections is not required to appear at the Final Hearing. The Court will rule on all timely filed written Objections.

17.     Any response to any Objections shall be filed no later than three (3) days before the Final Hearing.

18. All papers in support of the Settlement, the Plan of Allocation, the Attorneys' Fees and Costs application, and/or the application for Plaintiffs' Expense Awards shall be filed at least twenty (20) days before the Final Hearing.

19. Any Member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. Members of the Class that do not enter an appearance will be represented by Plaintiffs' Lead Counsel.

20. Class Members who wish to participate in the Net Settlement Fund shall complete and submit, postmarked on or before January 2, 2009, signed Proofs of Claim and Releases, signed Substitute W-9 Forms and documents to prove their Class membership and the amount owed on their Notes (principal and interest) as of January 21, 2005.

21. The Claims Administrator shall notify each person who files a Proof of Claim whether or not the Claim is accepted or is rejected in whole or in part. If the Claim is rejected, in whole or in part, the Claims Administrator will give the Claimant the reasons for the rejection. Claimants who are told their Claim is rejected will be permitted to remedy their Proof of Claim, if that is possible. If the Claim is still rejected in whole or in part, the Claimant may request review by the Court in accordance with the requirements of ¶¶ 8.7 and 8.8 of the Settlement Agreement.

22. Upon the Effective Date of the Settlement, all Class Members, whether or not they filed an approved Proof of Claim within the time provided for, and whether or not they participate in the Settlement Fund, shall be barred from asserting any Released Claims, and any such Class Member shall be conclusively deemed to have fully, finally,

and forever released the Released Parties, from any and all such Released Claims, including Unknown Claims. Defendants shall have released Noteholder Plaintiffs, Class Members and Plaintiffs' Counsel from all claims relating to the Notes or the Action, including any Unknown Claims. The full definitions of the Terms "Released Claims", "Released Parties" and "Unknown Claims" are set forth in the Settlement, Part IV, paragraphs 1.28, 1.29 and 1.35, respectively.

23. As of the Effective Date, the distribution of the Net Settlement Fund in accordance with the terms and obligations of the Settlement Agreement will be approved; and only Class Members shall have any right to any portion of the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

24. Pending final determination of whether the Settlement should be approved, neither the Noteholder Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence against any Released Party any action or proceeding in any court or tribunal asserting any of the Released Claims.

25. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Action are stayed, except for proceedings relating to the Settlement.

26. At or after the Final Hearing, the Court will determine whether the Attorneys' Fees and Costs application and the application for Plaintiffs' Expense Awards should be approved. Any such amounts awarded shall be paid immediately, subject to the conditions set forth in the Settlement Agreement, Section 9.

27. All reasonable costs incurred in identifying and notifying Members of the Class, administering the Settlement, Taxes, Tax Expenses, and distributing the Net Settlement Fund, shall be paid as set forth in the Settlement Agreement.

28. The Court reserves the right to adjourn the date of the Final Hearing and any adjournment thereof without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: 9/19, 2008

BY THE COURT:

_____
THOMAS N. O'NEILL, JR.
UNITED STATES DISTRICT JUDGE

malta440956-001

9