UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE AMERICAN BUSINESS FINANCIAL SERVICES INC. NOTEHOLDERS LITIGATION | Master File No. 05-232 |

## ORDER

And now, this ___ day of _____, 200__, having considered the Opposition To Settlement/Motion For Replacement Of Class Counsel Based on Fraud and Misrepresentation filed by David Banach and Plaintiffs' Response thereto, it is hereby ORDERED that the motion is DENIED. This Court has no jurisdiction after the filing of a notice of appeal.

_____
Thomas N. O'Neill, Jr., J.

Malta454192

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE AMERICAN BUSINESS FINANCIAL SERVICES INC. NOTEHOLDERS LITIGATION ) ) ) ) ) | Master File No. 05-232 |

**PLAINTIFFS' RESPONSE TO THE OPPOSITION TO SETTLEMENT/MOTION FOR REPLACEMENT OF CLASS COUNSEL FILED BY CLASS MEMBER DAVID BANACH**

On December 8, 2008, Class member David Banach submitted his Opposition To Settlement/Motion For Replacement Of Class Counsel Based on Fraud and Misrepresentation to the Court (the "Motion"). There is no indication that the Motion was ever filed of record, nor did Banach specify what federal rule or rules permit the Motion.[1] Moreover, the Motion does not constitute new, untimely objections. The Motion was submitted not only after the October 20, 2008 deadline set forth in the Notice of Proposed Settlement of Class Action, but also 18 days after this Court's November 21, 2008 Memorandum approving the Settlement and Final Order. *In Re American Business Financial Services Inc. Noteholders Litig.* 2008 U.S. Dist. LEXIS 95437 (E.D. Pa. Nov. 21, 2008) ("Final Order").

In any event, on December 24, 2008, Plaintiffs received a notice of an appeal of the Final Order, filed on behalf of Mr. Banach on Monday December 22, 2008. Accordingly, this Court no longer has jurisdiction. *Delaware County Safe Drinking Water Coalition, Inc. v. McGinty*, 2008 U. S. Dist. LEXIS 42347 at *2 (E.D. Pa. May 22, 2008) (notice of appeal deprives district

---

[1] Banach also failed to file a brief as required by Local Rule of Civil Procedure 7.1, and failed to use the Electronic Case Filing Procedures as required by Local Rule 5.1.2.

malta454126

court of jurisdiction); *Kirby v. Johnson*, 2006 U.S. Dist. LEXIS 26703 at *4-5 (W.D. Pa. April 26, 2006) (same), *aff'd*, 204 Fed. Appx. 139 (3d Cir. 2006).

There are six possible exceptions to the rule that a notice of appeal deprives the district court of jurisdiction. Under Rule 4(a)(4)(B) of the Federal Rules of Appellate Procedure, if a party files a notice of appeal after the district court enters a judgment, but before the court has disposed of any motion under Appellate Rule 4(a) (4)(A), the notice of appeal does not become effective until an order on that motion is entered. Banach filed his Motion after the Final Order but before his notice of appeal. However, Banach's Motion, which was not filed pursuant to any federal rule, does not fall within the exceptions listed under Appellate Rule 4(a)(4)(A).

Rule 4(a)(4)(A)(i) refers to orders entered under rule 50(b) of the Federal Rules of Civil Procedure, which refers to "trials." Since there was no trial, this section does not apply. Appellate Rules 4(a)(4)(A) (ii), (iv) (v) and (vi) refer to Federal Rules of Civil Procedure 52, 59 and 60, which all require that the motion be filed with the district court within 10 days of entry of judgment.[1] Appellate Rule 4(a)(4)(A) (iii) refers to Rule 54 of the Federal Rules of Civil Procedure which requires that the motion be filed within 14 days after the judgment. Since Banach filed his Motion 18 days after the November 21, 2008, Final Order these Appellate Rule 4 exceptions do not apply.

Accordingly, none of the exceptions to the general rule that the filing of a notice of appeal divests the district court of jurisdiction applies. Plaintiffs and the Class thus will not burden the Court with a substantive response to the Motion, since this Court does not have jurisdiction over the Motion.

---

[1] Appellate Rule 40(a)(4)(A)(vi) adds the 10 day filing requirement with respect to Rule 60.

2

Respectfully submitted,

 /s/ TODD S. COLLINS
Todd S. Collins (TSC4390, I.D. No. 29405)
Elizabeth W. Fox (EWF6692, I.D. No. 33456)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:   (215) 875-5715
tcollins@bm.net


THE NICHOLAS J. GUILIANO LAW FIRM
Nicholas J. Guiliano
1500 Walnut Street, Suite 1100
Philadelphia, PA 19102
Telephone:  215-413-8223
Facsimile:   215-413-8225
njgesq@aol.com

JACOB A. GOLDBERG, ESQ., LLC
Jacob A. Goldberg
P.O. Box 30132
Elkins Park, PA 19027
(215) 782-8235
jacobagoldberg@comcast.net

KLAFTER & OLSEN
Kurt B. Olsen
Jeffrey A. Klafter
2121 K St., N.W.
Suite 800
Washington, D.C.  20037
(202) 261-3553
ko@klafterolsen.com


malta454126

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE AMERICAN BUSINESS FINANCIAL SERVICES INC. NOTEHOLDERS LITIGATION | Master File No. 05-232 |

## CERTIFICATE OF SERVICE

I certify that on this 29th day of December, 2008, the foregoing Plaintiffs' Response To The Opposition To Settlement/Motion For Replacement Of Class Counsel Filed By Class Member David Banach was sent electronically to:

Vincent Marriott, Esq.
BALLARD SPAHR ANDREWS
  & INGERSOLL
1735 Market St., 51st Floor
Philadelphia, PA 19103
Marriott@ballardspahr.com

Nancy J. Gellman, Esq.
Patricia Hamill, Esq.
CONRAD O'BRIEN GELLMAN & ROHN
1515 Market Street, 16th Floor
Philadelphia, PA 19103
ngellman@cogr.com
phamill@cogr.com

Marc J. Sonnenfeld, Esq.
Karen Pieslak Pohlmann, Esq.
Andrew Whitney, Esq.
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
msonnenfeld@morganlewis.com
kpohlmann@morganlewis.com
awhitney@morganlewis.com

And by fax to:

James C. Strouse, Esq.
STROUSE LEGAL SERVICES
5401 Twin Knolls Road, Suite 7
Columbia, MD 21045
Fax: (410) 730-6994

Dated: December 29, 2008

_____
Elizabeth W. Fox