

Clerk of the Court

United States District Court

Eastern District of Pennsylvania

601 Market St.

Philadelphia, Pa., 19106

December 7, 2008



RECEIVED DEC 1 0 2008

Subject: In re American Business Financial Services, Inc. Noteholders Litigation, File no. 05-232

I am the Co-Executor of my father James DeLuca's Estate. My father passed away on October 29, 2008 after a long battle with colon cancer. A copy of the Financial Power of Attorney is attached.

James DeLuca, formally of 501 Wayne Ave., Springfield, Pa., 19064, owned the following A B F S Notes that are being submitted for the Class Action settlement.

| Investment Note No. | Original Issue Date | Amount of Investment | Current Balance as of 1/21/05 |
|---|---|---|---|
| 151013993 | 6/25/03 | 6,112.95 | 6,880.93 |
| 151061068 | 2/2/04 | 12,861.18 | 14,343.63 |
| 151123888 | 11/2/03 | 11,748.35 | 13,448.73 |
| 151359202 | 6/21/02 | 5,000.00 | 6,311.81 |
| 151395977 | 8/7/02 | 10,000.00 | 12,325.67 |
| 150865414 | 8/2/03 | 6,328.81 | 7,191.34 |
| 151560722 | 4/8/03 | 5,000.00 | 5,848.59 |
| 151714355 | 11/26/03 | 5,000.00 | 5,634.30 |
| 150460562 | 8/2/04 | 7,685.58 | 8,079.17 |
| | | TOTAL Amount | 80,064.17 |

There are three (3) Notes that reached maturity prior to the Filing for Bankruptcy on January 21, 2005.

| Investment Note No. | Original Issue Date | Amount of Investment | Original Maturity date |
|---|---|---|---|
| 151123888 | 11/2/03 | 11,748.35 | 11/2/04 |
| 150865414 | 8/2/03 | 6,328.81 | 11/2/04 |
| 151714355 | 11/26/03 | 5,000.00 | 11/26/04 |
| | | | |

Mr. Jerry Rappaport was contacted by James DeLuca asking to submit his Notes for redemption. James DeLuca received a letter from Mr. Jerry Rappaport, dated November 3, 2004 stating that these three Notes would be placed in the ABFS system for the purpose of redemption. This letter is attached.

There was no redemption. Mr. Rappaport was contacted by Co-Executor Kathleen Perachio, James DeLuca's daughter, Mr. Rappaport stated that he forgot to put these in the system for redemption, it was totally human error. He advised her to allow him some time to see what he could do and he would get back to her. Mr. Jerry Rappaport never contacted Kathleen Perachio and attempts to contact him were unsuccessful.

My objections are the following:

1- These three (3) Notes should have been paid because the redemption was requested before ABFS Filed for Bankruptcy on January 21, 2005 and furthermore, was agreed to by Mr. Jerry Rappaport, Senior Vice President of American Business Financial Services, Inc.

2- ABFS did not have the right to Roll Over these Notes without James DeLuca's permission.

3- Repeated attempts to reach Heffler, Radetich & Saitta LLP, as directed by the Notice of Proposed Settlement of Class Action, about this issue were unsuccessful. I do have an automatic email acknowledgement for the receipt of an email sent to WWW.HRSCLAIMSADMINISTRATION.COM

Thank you for your consideration in having these three (3) notes paid prior to the Class Action settlement.

Respectfully,

*Vincent De Luca* (signature)

Vincent DeLuca

504 Ascot Ct.

North Wales, Pa., 19454

215-393-3264 or 215-518-1354

November 3, 2004

James V. De Luca
501 Wayne Avenue
Springfield, PA 19064

RE: American Business Financial Services, Inc.
    Investment Note Portfolio 126239
    James V. De Luca

Dear Mr. De Luca,

I acknowledge receipt of your letter dated October 23, 2004 requesting early redemption of investment notes held in the above captioned Investment Note Portfolio.

Please be advised that there is no general provision in our prospectus that would allow for redemption of a note to be processed prior to maturity. Early redemption may be processed in the event of the death of a registered owner or in certain specific circumstances the total permanent disability of a registered owner. Investment Notes with remaining maturities of less than 1-year may not be redeemed prior to maturity under any circumstance. I have enclosed a photocopy of the section of our prospectus that addresses these early redemption provisions.

Three of your notes, 150865414, 151123888 and 151714355 have scheduled maturities in November of 2004. Based on your letter of request I will place these notes in our system for the purpose of redemption. If you have any questions or require additional information please feel free to contact me at your convenience.

Sincerely,

Jerry Rappaport       EXF
Senior Vice President

WANAMAKER BUILDING / 100 PENN SQUARE EAST / PHILADELPHIA, PA 19107 / TEL 215.940.4000

DURABLE POWER OF ATTORNEY
OF
JAMES V. DeLUCA

## NOTICE BY PRINCIPAL

THE PURPOSE OF THIS POWER OF ATTORNEY IS TO GIVE THE PERSON YOU DESIGNATE ("YOUR AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY, WHICH MAY INCLUDE POWERS TO SELL OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU.

THIS POWER OF ATTORNEY DOES NOT IMPOSE A DUTY ON YOUR AGENT TO EXERCISE GRANTED POWERS, BUT WHEN POWERS ARE EXERCISED, YOUR AGENT MUST USE DUE CARE TO ACT FOR YOUR BENEFIT AND IN ACCORDANCE YOUR [illegible] OF AUTHORITY.

YOUR AGENT MAY EXERCISE THE POWERS GIVEN HERE THROUGHOUT YOUR LIFETIME, EVEN AFTER YOU BECOME INCAPACITATED, UNLESS YOU EXPRESSLY LIMIT THE DURATION OF THESE POWERS OR YOU REVOKE THESE POWERS OR A COURT ACTING ON YOUR BEHALF TERMINATES YOUR AGENT'S AUTHORITY.

YOUR AGENT MUST KEEP YOUR FUNDS SEPARATE FROM YOUR AGENT'S FUNDS.

A COURT CAN TAKE AWAY THE POWERS OF YOUR AGENT IF IT FINDS YOUR AGENT IS NOT ACTING PROPERLY.

THE POWERS AND DUTIES OF AN AGENT UNDER A POWER OF ATTORNEY ARE EXPLAINED MORE FULLY IN 20 Pa.C.S. CH.56.

IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER OF YOUR OWN CHOOSING TO EXPLAIN IT TO YOU.

I HAVE READ OR HAD EXPLAINED TO ME THIS NOTICE AND I UNDERSTAND ITS CONTENTS.

9-7-06
DATE

*James V. DeLuca*
JAMES V. DeLUCA

JAMES V. DeLUCA

## NOTICE BY AGENT

I, VINCENT J. DeLUCA, have read the attached power of attorney and am the person identified as the agent for the principal. I hereby acknowledge that in the absence of a specific provision to the contrary in the power of attorney or in 20 Pa. C.S. 5601 et seq., when I act as agent:

              I shall act for the benefit of the principal.

            I shall keep the assets of the principal separate from my own.

I shall exercise reasonable caution and prudence.

I shall keep full and accurate records of all actions, receipts and disbursements on behalf of the principal.

9-7-06
Date

_[signature]_
VINCENT J. DeLUCA