UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE AMERICAN BUSINESS ) <br> FINANCIAL SERVICES INC. ) <br> NOTEHOLDERS LITIGATION ) <br> ) | Master File No. 05-232 |

### PROPOSED DISTRIBUTION ORDER

AND NOW, this 26 day of Jan., 2010, it is ORDERED:

1. The Court approves the procedures used and actions taken by the claims administrator, Heffler, Radetich & Saitta L.L.P. ("Heffler"), and plaintiffs' counsel for the administration of the Settlement, as described in the accompanying motion and memorandum and in the Declaration of Edward J. Sincavage, a partner at Heffler (the "Heffler Declaration"), attached as Exhibit 1 to this Order;

2. The Court approves the valid, documented claims, including late-filed claims, set forth in the list of Payable Claims, which is attached to the Heffler Declaration as Exhibit A;

3. The Court approves the rejection of the claims set forth in the list of Non-Payable Claims, which is attached as Exhibit B to the Heffler Declaration;

4. The Court approves the settlements made by plaintiffs' counsel and Heffler concerning the recognized losses of SPCP Group, LLC and Hain Capital which bought claims from Class members, and were assigned rights to the proceeds of litigation;

5.  The Court approves a total payment from the Settlement Fund of $427,668.48 to Heffler for administrative fees and costs, which includes $338,458.33 already paid, $59,650.15 due and owing and $29,560 for amounts expected to be incurred, as set forth in ¶16 and Exhibit C to the Heffler Declaration;

6.  The Court approves the *pro rata* distribution of the Net Settlement Fund to the authorized claimants with Payable Claims listed on the list of Payable Claims attached to the Heffler Declaration, as Exhibit A;

7.  The Court directs that the checks for distribution to the authorized claimants shall bear the notation "Non-Negotiable After 180 Days," and that no check shall be negotiated in the Settlement Fund more than 200 days after the date of the check;

8.  The Court directs that, 220 days after the initial distribution of the Net Settlement Fund to authorized claimants, and after efforts that Heffler deems appropriate to locate authorized claimants and to distribute funds to them, plaintiffs' counsel and Heffler shall pay any unclaimed monies remaining in the Net Settlement Fund to discharge any additional administrative expenses, with the remainder to be distributed to a charitable non-profit organization(s) selected by plaintiffs' counsel, which distribution shall be in the public interest;

9.  The Court approves Heffler's destruction of claim forms, along with all related correspondence, 365 days after the initial distribution of the Net Settlement Fund to authorized claimants, while retaining the Claimants Listings, Exhibits A and B to the Heffler Declaration, and the computer database (compiled from the claim forms and related correspondence), for a period of three years after the initial distribution to authorized claimants; and

10. The Court orders that Heffler, plaintiffs, plaintiffs' counsel, and all others involved in the claim process are released and discharged from all claims arising out of such

involvement. All Class members and claimants, whether or not they received payments, are barred from making any further claims against the Settlement Fund or the persons released, as contained in the Settlement Agreement, the Proof of Claim and Release form, and this Court's Order of November 21, 2008.

_____
THOMAS N. O'NEILL, JR.
UNITED STATES DISTRICT JUDGE

malta513171-001.docx